UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Steven Shuman | Hutson Smelley |

**Proceedings:**     HEARING BY TELEPHONE ON DEFENDANT'S MOTION TO DISMISS (Dkt. [ 34 ], filed April 8, 2020)

## I.     INTRODUCTION AND BACKGROUND

The Court previously set out the factual and procedural background of this case in its March 23, 2020 order.  See Dkt. 29 ("MTD Order").  For that reason, the Court only sets forth those facts necessary to resolve Transamerica's motion to dismiss.

Plaintiffs Steven and Dara Draeger filed this action against defendant Transamerica Life Insurance Company ("Transamerica") on July 19, 2019, challenging Transamerica's Monthly Deduction Rate ("MDR") increases.  Dkt. 1.  On March 23, 2020, the Court granted in part and denied in part Transamerica's motion to dismiss plaintiffs' first amended complaint.  See MTD Order.  The Court denied Transamerica's motion to dismiss plaintiffs' claims for breach of contract, intentional misrepresentation and concealment, negligent misrepresentation, and violation of California's Unfair Competition Law ("UCL").  See Id. at 21.  The Court dismissed, however, plaintiffs' claim for tortious breach of the implied covenant of good faith and fair dealing without prejudice.  Id. at 6–8.

The Court explained that in other cases challenging Transamerica's MDR increases, "[t]he Court has previously distinguished between allegations that Transamerica withheld the benefits of policyholders' accumulation values and the monthly accrual of interest on those accounts with allegations that Transamerica has attempted, in bad faith, to cause policy lapses or surrenders."  MTD Order at 6 (citing Brighton Trustees v. Transamerica Life Ins. Co., No. 2:19-cv-04210-CAS-GJS, 2019 WL 5784925, at *3 (C.D. Cal. Nov. 4, 2019).  The Court reasoned "that allegations that Transamerica charged excessive MDRs in an attempt to minimize policyholders' accumulation values and accrual of interest on those accounts do not give rise to a claim for breach of the implied covenant sounding in tort."  MTD Order at 6.  "That is because 'these benefits arise under the *savings* component

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

of Transamerica's universal life insurance policies rather than the *insurance* component." MTD Order at 6 (emphases in original) (citing Wells Fargo Bank, Nat'l Ass'n v. Transamerica Life Ins. Co., No. 2:19-cv-06478-CAS-GJS, 2020 WL 833518, at *9 (C.D. Cal. Feb. 19, 2020)).

The Court acknowledged that it "has previously determined that certain policyholders could maintain a claim for tortious breach based on allegations that Transamerica has attempted, in bad faith, to cause policy lapses or surrenders through its MDR increases." MTD Order at 6. For example, the Court noted that in Thompson v. Transamerica Life Ins. Co., "the Court determined that a putative class of elderly insureds had stated a claim for tortious breach against Transamerica." MTD Order at 6 (citing No. 2:18-cv-05422-CAS-GJS, 2018 WL 6790561, at *11 (C.D. Cal Dec. 26, 2018)). "In Thompson, the Court reasoned that 'extending the tort remedy to this context is justified to deter insurers from unreasonably increasing premiums to induce early surrender or lapses of life insurance policies held by people who cannot turn to the market and obtain another policy due do the advance aged of the insureds.'" MTD Order at 6–7 (citing Thompson, 2018 WL 6790561, at *11).

The Court noted, however, that "[i]n subsequent cases challenging Transamerica's MDR increases, the Court has declined to extend the tort remedy to institutional investors that have purchased Transamerica's universal life insurance policies on the secondary market." MTD Order at 7 (citing Brighton, 2019 WL 5784925, at *6; Wells Fargo, 2020 WL 833518, at *11; EFG Bank AG, Cayman Branch v. Transamerica Life Ins. Co., No. 2:16-cv-08104-CAS-GJS, 2020 WL 636907, at *9 (C.D. Cal. Feb. 10, 2020)). "That is because the Court has concluded that policy considerations do not support extending the tort remedy to these institutional investor plaintiffs." MTD Order at 7. In particular, the Court looked to a number of factors that the California Supreme Court articulated govern whether the tort claim should be extended in any given circumstance, including: "(1) the ability of marketplace competition to discipline the insurer's alleged misconduct; (2) whether the alleged misconduct denies the insured the benefits of the insurance policy, namely the security against losses and third party liability; (3) whether the alleged misconduct required the insureds to prosecute the insurer in order to enforce its rights; and (4) the availability of other administrative, contractual, and tort remedies." MTD Order at 7 (citing Jonathan Neil & Assoc., Inc. v. Jones, 33 Cal. 4th 917, 940–41 (2004)). Although plaintiffs in this case conceded that they were not the original insured under the policy at issue and purchased the policy on the secondary market, plaintiffs averred that, as elderly individuals, they were more akin to the individual plaintiffs in Thompson, rather than the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL          'O'**

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

institutional investor plaintiffs in <u>Brighton</u>.  <u>See</u> MTD Order at 7–8.  The Court subsequently dismissed plaintiffs' tortious breach claim without prejudice.

Plaintiffs thereafter filed the operative second amended complaint on March 25, 2020.  Dkt. 32 ("SAC").  The SAC asserts claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing[1]; (3) intentional misrepresentation and concealment; (4) negligent misrepresentation; and (5) violation of the UCL.  On April 8, 2020, Transamerica filed a motion to dismiss plaintiffs' claim for breach of the implied covenant claim to the extent that plaintiffs' claim sounded in tort.  Dkt. 34-1 ("Mot.").  Plaintiffs filed an opposition on April 27, 2020.  Dkt. 35 ("Opp.").  Transamerica filed a reply on May 4, 2020.  Dkt. 36 ("Reply").

The Court held a hearing on May 18, 2020.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting <u>Balisteri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  <u>Pareto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  <u>Sprewell v. Golden State Warriors</u>, 266

---

[1]    Plaintiffs do not specifically indicate whether they are pursing a claim for breach of the implied covenant sounding solely in tort, or whether plaintiffs alternatively allege a claim for breach of the implied covenant sounding in contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

### A.   Accumulation Values and Accrued Interest

Plaintiffs allege that Transamerica breached the implied covenant "[b]y increasing the Monthly Deduction Rate to recoup past losses and *offset interest crediting guarantees*[.]"  SAC ¶ 45.  The Court previously determined that, "to the extent that plaintiffs' tortious breach claim is premised on allegations regarding plaintiffs' accumulation values and the accrual of interest on those values," an identical allegation in plaintiffs' FAC failed to state a claim for tortious breach of the implied covenant. See MTD Order at 6.

Here, plaintiffs fail to provide a compelling basis for the Court to depart from its prior determination that "Transamerica's deprivation of these benefits relates to the *savings* component of Transamerica's universal life insurance policies, rather than the *insurance* component, and therefore 'does not implicate the 'special relationship' between insureds and insurer that animates the narrow exception providing a tort claim in the insurance context.'" Brighton, 2019 WL 5784925, at *1 (emphases in original) (internal alterations and citation omitted).  To the extent that plaintiffs' tortious breach claim is premised on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

allegations regarding plaintiffs' accumulation values and the accrual of interest on those values, the Court therefore **DISMISSES** plaintiffs' tortious breach claim **with prejudice**.

## B.    Attempts to Cause Policy Lapses or Surrenders

Plaintiffs also allege that "Transamerica has, in bad faith, caused [p]laintiffs' policy to lapse and/or be surrendered through its MDR increases." SAC ¶ 46. Where, as here, a policyholder's claim falls outside the denial of benefits and claims mishandling contexts, the California Supreme Court has suggested, in <u>Jonathan Neil</u>, a number of factors that courts should consider in determining whether to extend the tort claim, including: "(1) the ability of marketplace competition to discipline the insurer's alleged misconduct; (2) whether the alleged misconduct denies the insured the benefits of the insurance policy, namely the security against losses and third party liability; (3) whether the alleged misconduct required the insureds to prosecute the insurer in order to enforce its rights; and (4) the availability of other administrative, contractual, and tort remedies." <u>EFG Bank AG v. Transamerica Life Ins. Co.</u>, No. 2:16-cv-08104-CAS-GJS, 2020 WL 1849493, at *4 (C.D. Cal. Apr. 13, 2020). The Court considers these factors in turn.

### 1.    Discipline by the Secondary Market

Plaintiffs aver that "the secondary marketplace in general cannot discipline Transamerica's misconduct[.]" SAC ¶ 46. Plaintiffs reason that "the primary market for life insurance cannot effectively discipline Transamerica, as policyholders are left with few options—either suffer the higher monthly deductions or let their policies lapse and lose their insurance, with replacements available only at much high rate classifications, if the insureds are still healthy enough to replace the coverage at all." Opp. at 12. According to plaintiffs, then, "[t]he secondary market for life insurance likewise cannot discipline Transamerica." <u>Id.</u> at 13. That is because "[p]laintiffs cannot replace one life insurance policy with another policy in the secondary market" since "[t]he universe of policies is limited, and one cannot simply find comparable substitutes with other insurance companies." <u>Id.</u>

The Court has already rejected plaintiffs' arguments in <u>EFG Bank</u>. In that case, institutional investors that purchased Transamerica's policies on the secondary market argued that extending the tort claim was necessary to deter Transamerica's alleged misconduct. <u>EFG Bank</u>, 2020 WL 1849493, at *6. In that case, the investors asserted that "they and other investors cannot replace one life insurance policy with another policy in the secondary market because the universe of policies is limited, and one cannot simply find comparable substitutes with other insurance companies." <u>EFG Bank</u>, 2020 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

1849493, at *6 (internal quotation marks and alterations omitted).  The investors urged that "each policy is unique, as the policies and their cost of insurance rates are based on a specific individual's health and financial profile at the time of issuance, as well as the products offered by the insurance company."  Id.  The Court rejected the investors' argument, concluding that "[t]he 'economic dilemma' that an insured faces when the insurer breaches the terms of the insured's policy—peace of mind and security for both the insured and the beneficiaries of the insured's policy—is simply not comparable to the possible diminished profits that an institutional investor may suffer where an insurer breaches the terms of a policy that the institutional investor purchased on the secondary market."  Id. (citing Cates Constr., Inc. v. Talbot Partners, 21 Cal. 4th 28, 44 (1999)).

The Court recognizes that plaintiffs in this case are not institutional investors. Instead, plaintiffs are individuals who purchased a policy on the secondary market, tied to the life of another, because, "[d]ue to his age and recent cancer diagnosis, [plaintiff Steven Draeger] was unable to secure a life insurance policy on his own life."  SAC ¶ 7.  But plaintiffs' allegations undermine their claim that, "[u]nlike institutional investors, who can simply write off the loss or offset it against profits on other policies, [plaintiffs] cannot do that because they did not buy policies in quantity."  Id. ¶ 46.  Indeed, on July 28, 2017, plaintiffs ultimately "sold the policy for the best price available, which was $150,000[.]"  Id. ¶ 40; cf. Brighton, 2020 WL 1849493, at *14 ("a market exists for each of the nineteen policies that would allow plaintiffs in this case to resell their interests in the policies to other investors.  Accordingly, plaintiffs here are not situated similarly to the plaintiffs in Thompson who have nowhere else to turn to obtain the 'peace of mind and security' that they bargained for when they purchased the Policies.") (internal citation and quotation marks omitted); EFG Bank, 2020 WL 1849493, at *6 n.2 ("Institutional investors can presumably replace (albeit at a loss) their investments in policies on the secondary market with other investment instruments.").

Moreover, the Court must "appl[y] California law as it believes the California Supreme Court would apply it."  In re K F Dairies, Inc. & Affiliates, 224 F.3d 922, 924 (9th Cir. 2000) (internal citation omitted).  And, the California Supreme Court has made clear that "it is wise to proceed with caution in determining the[] scope and application" of the tort remedy in the context of a claim for breach of the implied covenant of good faith and fair dealing.  Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85, 92 (1995). While the Court determined in Thompson that extending the tort remedy to elderly insureds was necessary to deter Transamerica's alleged misconduct, plaintiffs here fail to establish,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
|----------|-------------------------|------|--------------|
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

in light of the California Supreme Court's directive "to proceed with caution," why *further* extending the tort remedy to individual investors is necessary to deter insurer misconduct.[2]

### 2.     Denial of Benefits

In Jonathan Neil, the California Supreme Court reasoned that public policy did not require extending the tort claim to an insured challenging an insurer's retroactive billing practices because "the billing dispute does not, by itself, deny the insured the benefits of the insurance policy—the security against losses and third party liability." 33 Cal. 4th at 940. Plaintiffs aver that the "denial of benefits" factor articulated in Jonathan Neil favors extending the tort claim to plaintiffs here. Opp. at 14.

Plaintiffs allege that "Transamerica's misconduct, including the sudden and massive MDR increases, has denied [p]laintiffs the benefits of the insurance policy, namely, the financial security and peace of mind that comes with the expected death benefit." SAC ¶ 46. Plaintiffs urge that "[b]ecause the value of the death benefit under a life insurance policy is tied directly to the cost of insurance, raising the cost of insurance diminishes, if not destroys, this benefit. Even if the value of the policy is not destroyed, [Transamerica's] MDR increases shorten the period of coverage, denying [p]laintiffs the full coverage of the Policy." Id. The Court has already rejected these arguments. See EFG Bank, 2020 WL 1849493, at *7 (rejecting argument that alleged MDR constituted "denial of benefits" where investors argued that "because the value of the death benefit under a life insurance policy is tied directly to the cost of insurance, raising the cost of insurance diminishes, if not destroys, this benefit.") (internal alteration omitted); Id. at *4 ("It does not follow . . . that Transamerica's MDR increases 'shortened the period of coverage' of plaintiffs' policies because 'the period of coverage' under the policies was the period during which plaintiffs maintained a positive Accumulation Value and because the policies permitted Transamerica to adjust and deduct the MDRs from plaintiffs' Accumulation Values. That plaintiffs complain that Transamerica increased the MDRs in a way that violated other

---

[2]     During the hearing, plaintiffs argued that they are situated differently from the institutional investor in cases such as Brighton and EFG Bank. According to plaintiffs, whereas institutional investors that purchase Transamerica policies on the secondary market do so motivated by profit, plaintiffs urged that they purchased the Transamerica policy at issue in this case for "peace of mind and security." Plaintiffs asserted that this distinction is material, such that the first Jonathan Neil factor favors extending the tort claim to plaintiffs in this case. Even assuming *arguendo* that this factor favors extending the tort claim here, no one Jonathan Neil factor is dispositive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

provisions of the policies does not mean that Transamerica shortened the period of coverage so as to deny plaintiffs an 'insurance benefit' due under plaintiffs' policies.").

At bottom, plaintiffs do not allege that benefits under their policy, such as the death benefit, have come due but that Transamerica has refused to pay plaintiffs these benefits.[3] Instead, plaintiffs argue that, "[b]y improperly raising its MDRs, [Transamerica] frustrated [p]laintiffs' rights to the benefits of their Policy." Opp. at 14. As such, the Court concludes that the 'denial of benefits' factor articulated in Jonathan Neil does not require extending plaintiffs the tort claim in this case.[4] See EFG Bank, 2020 WL 1849493, at *8 (rejecting argument that Jonathan Neil "denial of benefits" factor favored extending tort claim to investors based on averment that "by improperly raising its MDRs, Transamerica is trying to frustrate plaintiffs' right to the benefits of their Policies.") (internal alterations omitted).

### 3.    Need to Prosecute Insurer

Plaintiffs contend that "[t]he third Jonathan Neil factor, whether the insured is required to prosecute the insurer to vindicate the insured's contractual rights, also weighs in favor of extending tort remedies here." Opp. at 16. Plaintiffs aver that extending the tort claim is warranted because plaintiffs have "suffered the actual loss of their key policy benefit as a direct result of the MDR increases" and therefore "have the burden of affirmatively suing to recover damages for that loss." Opp. at 17.

---

[3]    Even assuming *arguendo* that the death benefit has become due because of the insured's death, neither of the plaintiffs in this case are the insured under the policy, and plaintiffs themselves resold the policy at issue in this case. FAC ¶¶ 8, 40.

[4]    The Court recognizes that in two cases which predate Jonathan Neil, the California Court of Appeal determined that a claim for tortious breach of the implied covenant may lie against insurers where the insurers had not *denied* insurance benefits that had already come due. For example, in Notrica v. State Comp. Ins. Fund, an insured sued "his workers' compensation insurer . . . based on allegations relating to [the insurer's] reserve and claims handling policies and practices." 70 Cal. App. 4th 911, 918 (1999). Similarly, in Sec. Officers Serv. Inc. v. State Comp. Ins. Fund, an insured's employer brought suit against an insurer alleging that the insurer deliberately "delayed resolution of claims" which constituted "improprieties in claims handling." 17 Cal. App. 4th 887, 892, 898 (1993). These cases are inapposite, however, because plaintiffs here do not allege that Transamerica engaged in the mishandling of claims that have already become due.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

In <u>Jonathan Neil</u>, the California Supreme Court noted that "the dispute does not require the insured to prosecute the insurer in order to enforce its rights, as in the case of bad faith claims and settlement practices." 33 Cal. 4th at 939. That is because the practice that the insured challenged was the retroactive overbilling of premiums, and the insurer was required to sue the insured in order to collect the retroactive overcharges. In other words, because the insurer could not immediately collect the challenged payments from its insureds, the insureds did not need to resort to litigation in order to preserve their rights and maintain the status quo.

The Court agrees that here, "unlike in <u>Jonathan Neil</u>, the onus is on the policy owners either to sue or obtain nothing for the years of premiums they paid." Opp. at 17. However, "no one of the <u>Jonathan Neil</u> factors is dispositive," and "the fact that plaintiffs may have to pursue affirmative litigation against Transamerica to challenge Transamerica's MDR increases does not, itself, require extending the tort claim here." <u>EFG Bank</u>, 2020 WL 1849493, at *8.

### 4.    Lack of Adequate Alternative Remedies

Plaintiffs also argue that "[t]he fourth <u>Jonathan Neil</u> factor, the availability of alternative administrative, contractual, or tort remedies, also weighs in favor of allowing [p]laintiffs to sue for tortious breach." Opp. at 17–18. According to plaintiffs, "[w]ithout a claim for tortious breach, [p]laintiffs are left with only a contract claim, a difficult fraud claim, and a difficult UCL claim." <u>Id.</u> at 18. Plaintiffs further urge that, unlike a claim for tortious breach of the implied covenant claim, "[n]one of these [other] claims permits successful parties to mandatorily recover attorneys' fees." <u>Id.</u>

In other cases challenging Transamerica's MDR increases, the Court has noted that investors have viable remedies attendant to claims other than a claim for breach of the implied covenant sounding in tort. <u>See, e.g.</u>, <u>Brighton</u>, 2019 WL 5784925, at *6 ("the Court has already determined that plaintiffs have stated claims for breach of contract and breach of the implied covenant sounding in contract—therefore, this is not a case where plaintiffs have no other 'available various administrative, contractual, and tort remedies.'"); <u>Wells Fargo</u>, 2020 WL 833518, at *11 (declining to extend tort claim to investors challenging Transamerica's MDR increases because "plaintiffs have remedies available other than a claim for tortious breach of the implied covenant. Indeed, plaintiffs have asserted claims for breach of contract and breach of the implied covenant sounding in contract, and, at this juncture, Transamerica has not sought dismissal of those claims."); <u>accord</u> <u>EFG Bank</u>, 2020 WL 1849493, at *9 (declining to extend tort claim to investors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:19-cv-10478-CAS(GJSx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | STEVEN DRAEGER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

where investors had stated claims for breach of contract and conversion). Here, plaintiffs acknowledge that they still maintain "a contract claim, a difficult fraud claim, and a difficult UCL claim." Opp. at 18. In addition, the Court previously denied Transamerica's motion to dismiss plaintiffs' negligent misrepresentation claim. <u>See</u> MTD Order. That plaintiffs prefer the tort remedies which may accompany a claim for breach of the implied covenant to the remedies attendant to their other claims does not, without more, require the Court to find that plaintiffs have a cognizable tort claim where the relevant <u>Jonathan Neil</u> factors compel a different result.[5]

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Transamerica's motion to dismiss. Accordingly, the Court **DISMISSES** plaintiffs' claim for breach of the implied covenant of good faith and fair dealing **with prejudice**.

IT IS SO ORDERED.

| | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[5]      In <u>Brandt v. Superior Court</u>, the California Supreme Court determined that "[w]hen an insurer tortuously withholds benefits, . . . attorney's fees, reasonably incurred to compel payment of the benefits, [are] recoverable as an element of the damages resulting from such tortious conduct[.]" 37 Cal. 3d 813, 815 (1985). The California Supreme Court subsequently concluded, in <u>Essex Ins. Co. v. Five Star Dye House, Inc.</u>, that these attorneys' fees, "now commonly referred to as <u>Brandt</u> fees," are assignable such that when an insured assigns a claim for bad faith against the insurer, and the assignee brings a tort claim against the insurer for wrongfully withholding benefits due under the policy, the assignee may recover attorneys' fees incurred in recovering the benefits originally due to the insured. 38 Cal. 4th 1252, 1256 (2006). Plaintiffs aver they are entitled to <u>Brandt</u> fees. Opp. at 18–19. However, "questions about the appropriateness of specific remedies are premature at this stage of the litigation." <u>James ex rel. James Ambrose Johnson. Jr. 1999 Tr. v. UMG Recordings</u>, No. 11-cv-01613-SI, 2011 WL 5192476, at *5 n.3 (N.D. Cal. Nov. 1, 2011). Moreover, because plaintiffs fail to state a claim for breach of the implied covenant sounding in tort, the Court need not decide whether plaintiffs would be entitled to <u>Brandt</u> fees assuming *arguendo* their tort claim was viable.